IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Bracey C. Dixon, Jr., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-344 SLR |
| | : | |
| City of Wilmington, Chief James Ford, | : | |
| Deputy Chief Willie Patrick and | : | |
| Battalion Chief George Cunningham, | : | |
| | : | |
| Defendants. | : | |

DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

Andrea J. Faraone, Esquire (I.D. #3831)
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendants

Dated:  June 26, 2006

TABLE OF CONTENTS

PAGE

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     I.     Motion to Dismiss Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     II.    Plaintiff's Title VII Claims Are Time Barred Because He Failed to File His Complaint Within 90 Days of His Receipt of the Right to Sue Letter . . . . . . . . . . . . . . . . . . . . . . 7

     III.   The Complaint Fails to State a Valid Claim Under Title VII Because It Fails to Allege Any Facts Indicating that Plaintiff Has Exhausted His Administrative Remedies . . . . . . . . 10

     IV.   The Complaint Fails to State a Claim Upon Which Relief Can Be Granted Because the Plaintiff Has Not Exhausted His Administrative Remedies Against Defendants Ford, Patrick, Cunningham and the City of Wilmington . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

     V.    The Complaint Fails to State a Valid Claim Against Defendants Ford, Patrick and Cunningham Because There Is No Individual Liability Under Title VII . . . . . . . . . . . 11

     VI.   Plaintiff's Complaint Fails to State a Valid Claim Against the City of Wilmington for Damages in Excess of $300,000.00 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

     VII.  Plaintiff's Complaint Fails to State a Valid Claim Against the City of Wilmington for Punitive Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

TABLE OF CITATIONS

## CASES

*Arots v. Salesianum Sch., Inc.*, 2003 U.S. Dist. LEXIS 10171 (D. Del. Jun. 17, 2003) . . . . . . . . . . . . .  8

*Benoit v. Children's Hosp. of Philadelphia*, 1995 U.S. Dist. LEXIS 4056 (E.D. Pa. Mar. 31, 1995) . . .  9

*Blackshear v. City of Wilmington*, 15 F.Supp.2d 417 (D.Del. 1998) . . . . . . . . . . . . . . . . . . . . . . .  12, 13

*Branum v. UPS, Inc.*, 232 F.R.D. 505 (W.D. Pa. Dec. 23, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Communication Workers of Am. v. New Jersey Dep't of Pers.*, 282 F.3d 213 (3d Cir. 2002) . . . . . . . .  *10*

*DeFrancesco v. Weir Hazelton, Inc.,* 232 F.R.D. 454 (E.D. Pa. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172 (3d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Hardman v. Nationwide Cellular Serv.*, 1994 U.S. Dist. LEXIS 15167 (E.D. Pa. Oct. 26, 1994) . . . . . .  8

*Kachmar v. Sungard Data Systems, Inc.*, 109 F.3d 173 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . .  11, 12

*Mosel v. Hills Dep't Store, Inc.,* 789 F.2d 251(3d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Parker v. Royal Oak Enter.*, 2003 U.S. App. LEXIS 26471 (3d Cir. Dec. 29, 2003) . . . . . . . . . . . . . . .  8

*Peterson v. Dep't of Pub. Welfare*, 1985 U.S. Dist. LEXIS 18133 (E.D. Pa. July 9, 1985) . . . . . . . . . .  7

*Seitzinger v. Reading Hosp. and Med. Ctr.,* 165 F.3d 236 (3d Cir. 1999) . . . . . . . . . . . . . . . . . . . . .  7, 8

*Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061 (3d Cir. 1996) . . . . . . . . . . . . . . . . . . .  12

*Tillman v. Pepsi Bottling Group, Inc.*, 2005 U.S. Dist. LEXIS 18891 (D. Del. Aug. 30, 2005) . . . . . . . .  7

*Wright v. Pepsi Cola Co.*, 243 F.Supp.2d 117 (D. Del. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

*Yang v. Astrazeneca,* 2005 U.S. Dist. LEXIS 1825 (E.D. Pa. Feb. 10, 2005) . . . . . . . . . . . . . . . . . . . .  7

## STATUTES

42 *U.S.C.* § 1981a(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

42 *U.S.C.* § 1981a(b)(3)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

42 *U.S.C.* § 1981a(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12, 13

42 *U.S.C.* § 2000e-5(f)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

**RULES**

*Fed.R.Civ.P.* 6(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7, 8

*Fed.R.Civ.P* 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7, 13

*Fed.R.Civ.P.* 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4, 10

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff, Bracy Dixon, Jr. ("Plaintiff"), who is African American, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 1, 2003.  (*See* Dixon EEOC Charge, A-2-3). The Charge of Discrimination alleged that the City of Wilmington Fire Department ("WFD") discriminated against Plaintiff on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").  (*See id.*, A-3).  Specifically, the Charge of Discrimination asserted that WFD discriminated and/or retaliated against Plaintiff by not hiring him for a full time position in the Arson Division, denying him training and overtime, requiring him to use time off to attend training, and confiscating his gun while he was on sick leave for depression.  (*See id.*, A-2-3).

On May 28, 2004, the EEOC issued a Dismissal and Notice of Rights (the "Right to Sue Letter"), informing the parties that it was closing its files on Plaintiff's charge because "[b]ased upon its investigation, the EEOC [wa]s unable to conclude that the information obtained establishe[d] violations of the [employment discrimination] statutes."  (*See* Dixon Right to Sue Letter, A-4). The Right to Sue Letter also advised Plaintiff that he had a right to file a lawsuit against the respondent under federal law based on his EEOC charge in federal or state court, and that such lawsuit was required to be filed within 90 days from his receipt of the Right to Sue Letter or his right to sue based on that charge would be lost.  (*See id.*).

On May 24, 2006 – almost two years after the EEOC mailed the parties the Right to Sue Letter – Plaintiff filed his complaint (hereinafter the "Complaint" or the "Dixon Complaint") in the present action, Civil Action No. 06-344 (hereinafter, the "Dixon Case").  (*See* Dixon Complaint, A-7-10; Docket for Dixon Case, A-23, Docket Entry No. 1).  The Complaint names the City of Wilmington, Wilmington Fire Department Chief James Ford, Deputy Chief Willie Patrick and Battalion Chief George Cunningham as Defendants.  (*See* Dixon Complaint, A-7).

On July 11, 2005, Plaintiff, along with James R. Jobes, Gallant Blazer, Inc., Terrance Gadson, Fred Cooper, Anel Collins and Corey Ferrell, had previously filed a separate complaint (hereinafter, the "Jobes

Complaint") against the WFD in this Court in Civil Action No. 05-479-SLR (hereinafter the "Jobes Case"). (*See* Jobes Complaint, A-12-14). The Jobes Complaint alleges that WFD's "Black and Hispanic firefighters as a whole are being discriminated against in violation of Title VII . . . ." (*See id.*, A-13, ¶ 9). More particularly, the Jobes Complaint asserts that Black and Hispanics firefighters are disciplined more severely than Whites and that WFD's hiring and promotional policies and practices have a disparate impact on Blacks and Hispanics. (*See id.*) Although the plaintiffs in the Jobes Case raise claims on behalf of other Black and Hispanic firefighters, the Jobes Case was not filed as a class action lawsuit. (*See* Jobes Complaint, A-12-14; Jobes Case Docket, A-17-19). Plaintiff Dixon never filed a charge of discrimination with the EEOC regarding the allegations of discrimination raised in the Jobes Complaint.[1] Unlike the Jobes Complaint, the EEOC charge filed by Mr. Dixon on December 1, 2003 raised claims of discrimination and retaliation only on Dixon's own behalf, and not on behalf of other Black and Hispanic firefighters employed by the WFD. (*Compare* Dixon EEOC Charge, A-1-2, *with* Jobes Complaint, A-12-14).

Defendants the City of Wilmington (the "City"), James Ford, Willie Patrick and George Cunningham ("Defendants") now move to dismiss Plaintiff's Complaint in this action for failure to state a claim upon which relief can be granted pursuant to *Fed.R.Civ.P.* 12(b)(6). This is Defendants' Opening Brief in support of that motion.

---

[1] Although James Jobes filed an EEOC charge with respect to the allegations of discrimination raised in the Jobes Complaint, Dixon was not a party to that EEOC proceeding. *See* Jobes Charge of Discrimination, A-22; Jobes Complaint, A-12-14).

## SUMMARY OF ARGUMENT

1.      Plaintiff's Title VII claims are time-barred because he failed to file his Complaint in this action within 90 days of his receipt of the Right to Sue Letter.  Claims brought under Title VII must be filed with a court within 90 days of the Plaintiff's receipt of a right to sue letter, or else they are barred.  If the parties dispute the receipt date and there is no evidence of the actual date of receipt, or if the date of receipt is unknown, courts will presume pursuant to *Fed.R.Civ.P.* 6(e) that the plaintiff received the right to sue letter three days after the EEOC mailed it.  Because the date Plaintiff received the Right to Sue Letter is not known based on the allegations of the Complaint, Plaintiff is presumed to have received the letter by June 2, 2004, which was 3 business days after the EEOC mailed it.  Plaintiff was required to file his Title VII Complaint within 90 days after June 2, 2004.  That 90-day period expired on August 31, 2004.  However, Plaintiff did not file his Complaint in this action until May 24, 2006.

2.      Equitable tolling of the 90 day period may be appropriate only in the following limited circumstances:  (1) when the plaintiff received inadequate notice of his right to file suit; (2) where a motion for appointment of counsel is pending; (3) where the court has misled the plaintiff into believing that he had done everything required of him; (4) when the defendant has actively misled the plaintiff; (5) when the plaintiff "in some extraordinary way" was prevented from asserting his rights; or (6) when the plaintiff timely asserted his rights in the wrong forum.  Plaintiff cannot demonstrate any of these grounds for equitable tolling of the 90-day period.

3.      Plaintiff's filing of a separate complaint along with several other plaintiffs in the Jobes Case cannot save the Complaint in the present action from being time barred.  The Jobes Complaint was not filed until July 11, 2005, which was over a year after Plaintiff is presumed to have received the May 28, 2004 Right to Sue Letter.  So, even if the Jobes Complaint raised the same claims asserted in Mr. Dixon's EEOC Charge of Discrimination – which it does not – the filing of that complaint would not prevent those claims from being barred by the 90 day limitations period.

4.     Plaintiff is not entitled to the protection of the single filing rule.  Under the single filing rule, a plaintiff who has not exhausted his administrative remedies by filing an EEOC charge within the requisite time period or who has not filed a Title VII action within 90 days of his receipt of a right to sue letter can join a class action without satisfying either of those requirements if the original EEOC charge filed by the individual who subsequently filed a class action alleged class-based discrimination.  However, the single filing rule does not apply when the subsequent district court action is not a true class action that complies with the requirements of *Fed.R.Civ.P.* 23.  The Jobes Case does not meet the requirements for class action lawsuits under Rule 23.  Therefore, the single filing rule cannot prevent Plaintiff's claims from being time-barred.

5.     As a prerequisite to a valid Title VII claim, a plaintiff must file a charge of discrimination with the EEOC and show that he has received a right to sue letter.  This Court has dismissed Title VII claims for failure to state a claim upon which relief could be granted where the complaint did not allege or otherwise demonstrate that the plaintiff had filed a charge of discrimination with the EEOC or received a right to sue letter.  Plaintiff's Complaint fails to allege that he filed a charge of discrimination with the EEOC or received a right to sue letter.  It also fails to attach copies of the Charge of Discrimination and Right to Sue Letter.  Consequently, the Dixon Complaint should be dismissed for failure to state a claim upon which relief can be granted because it does not allege any facts indicating that Plaintiff has exhausted his administrative remedies.

6.     Further, Plaintiff cannot demonstrate that he exhausted his administrative remedies against the Defendants because the only respondent named in Dixon's EEOC Charge of Discrimination was the Wilmington Fire Department, which is not named as a defendant in the present action.

7.     Individual employees cannot be held liable under Title VII.  Therefore, Plaintiffs' claims against Defendants Ford, Patrick and Cunningham must be dismissed for failure to state a claim upon which relief can be granted.

8.     The maximum amount of damages that may be awarded in a Title VII employment discrimination case against an employer, such as the City, which has more than 500 employees is $300,000. Therefore, Plaintiff's Complaint fails to state a valid claim against the City for damages in excess of $300,000.

9.     Punitive damages are not available against a municipality under Title VII.  Therefore, Plaintiff's Complaint fails to state a valid claim against the City for punitive damages.

## STATEMENT OF FACTS

The Complaint in this action asserts that Defendants, the City of Wilmington, WFD Chief James Ford, Deputy Chief Willie Patrick and Battalion Chief George Cunningham (the "Defendants") discriminated against Plaintiff Bracy C. Dixon on the basis of his race, in violation of Title VII.  (*See* Dixon Complaint, A-7-10).  Plaintiff is African American and is employed by the WFD.  (*See* Dixon EEOC Charge, A-2-3).  The specific acts of discrimination alleged in the Complaint are "retaliation, career sabotage, racial discrimination, excessive punishment and extreme disciplinary actions[.]" (*See* Dixon Complaint, A-8, ¶ 10).  The relief requested in the Complaint includes money damages of $5 million from the City and $250,000 from Defendants Ford, Patrick and Cunningham, and the immediate resignation of the three individual Defendants.  (*See* Dixon Complaint, A-9).  The Complaint further demands that Defendants cease all of the alleged unfair discrimination, bias and harassment.  (*See id.*)  In addition, the Complaint requests that the Court appoint legal counsel.  (*See* Dixon Complaint, A-10, ¶ 14.B.)

Plaintiff, who is *pro se*, prepared his Complaint on a form provided by the Court.  (*See* Dixon Complaint, A-7-10).  Paragraph 7 of the form instructs the Plaintiff to list the date he filed charges with the Delaware Department of Labor ("DDOL").  (*See* Dixon Complaint, A-8, ¶ 7).  Paragraph 8 of the form asks the plaintiff to list the day, month and year he filed charges with the EEOC, and ¶ 12 indicates that a copy of those charges must be attached to the Complaint.  (*See id.*, A-8-9, ¶¶ 8, 12).  Paragraph 9 of the form requires the plaintiff to state the day, month and year he received a right to sue letter from the EEOC and to attach a copy of the right to sue letter to the Complaint.  (*See id.*, A-8, ¶ 9).  Plaintiff left ¶¶ 7, 8 and 9 of the Complaint blank and failed to attach copies of either the May 28, 2004 Right to Sue Letter or the Charge of Discrimination he filed with the EEOC. [2]  (*See id.*, A-7-10).

---

[2]  The relevant procedural facts are set forth above in the "Nature and Stage of the Proceedings" section of this Brief.  To avoid unnecessary duplication, Defendants will not repeat those facts here, but instead, incorporate them by reference into this section.

**ARGUMENT**

I.     **Motion to Dismiss Standard**

The Court must dismiss a complaint pursuant to Rule 12(b)(6) if, accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, the plaintiff cannot demonstrate any set of facts that would entitle him to relief.  *See Tillman v. Pepsi Bottling Group, Inc.*, 2005 U.S. Dist. LEXIS 18891, at *14-15 (D. Del. Aug. 30, 2005).  When deciding a motion to dismiss, the Court may consider documents attached to the motion to dismiss without converting the motion to one for summary judgment if those documents are integral to the plaintiff's claims or are matters of public record.  *See id.* at *15; *Branum v. UPS, Inc.*, 232 F.R.D. 505, 507 n.1 (W.D. Pa. Dec. 23, 2005).  Courts within the Third Circuit have considered right to sue letters, charges of discrimination and other EEOC documents in deciding motions to dismiss employment discrimination claims on the grounds that those documents were central to the plaintiff's claims and were matters of public record .  *See Branum*, 232 F.R.D. at 507 n.1; *Yang v. Astrazeneca,* 2005 U.S. Dist. LEXIS 1825, at *6-7 (E.D. Pa. Feb. 10, 2005).

II.    **Plaintiff's Title VII Claims Are Time Barred Because He Failed to File His Complaint Within 90 Days of His Receipt of the Right to Sue Letter**

Claims brought under Title VII must be filed with a court within ninety days of the plaintiff's receipt of a right to sue letter from the EEOC.  *Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 176 (3d Cir. 1999).  Courts have treated this requirement as a statute of limitations rather than a jurisdictional prerequisite to suit. *Id*.  Thus, it may be subject to waiver, estoppel and equitable tolling.  *Peterson v. Dep't of Pub. Welfare*, 1985 U.S. Dist. LEXIS 18133, at *2-3 (E.D. Pa. July 9, 1985).  The Third Circuit has "held that a claim filed even one day beyond this ninety day window is untimely and may be dismissed absent an equitable reason for disregarding this statutory requirement."  *Figueroa,* 188 F.3d at 176.

When the actual date of receipt of the right to sue letter is known, that date controls.  *Seitzinger v. Reading Hosp. and Med. Ctr.,* 165 F.3d 236, 239 (3d Cir. 1999). However, if the parties dispute the date of

receipt, in the absence of other evidence, courts will presume pursuant to *Fed.R.Civ.P.* 6(e) that the plaintiff received the right to sue letter three days after the EEOC mailed it. *Id.; Mosel v. Hills Dep't Store, Inc.,* 789 F.2d 251, 253 n.2 (3d Cir. 1986); *DeFrancesco v. Weir Hazelton, Inc.,* 232 F.R.D. 454, 456-60 (E.D. Pa. 2005)*; Arots v. Salesianum Sch., Inc.*, 2003 U.S. Dist. LEXIS 10171, at *5 (D. Del. Jun. 17, 2003).  Where the plaintiff offers no evidence in support of his bare assertion as to when he received the right to sue letter, Rule 6(e) applies, and the plaintiff is presumed to have received the letter within three days after it was mailed.  *See Arots*, 2003 U.S. Dist. LEXIS 10171, at *6.  Likewise, courts have applied the three-day presumption of Rule 6(e) where the plaintiff did not recall the date he or she received the right to sue letter, or the date of receipt was not known. *See Seitzinger*, 165 F.3d at 238-39 (applying the three-day presumption where the plaintiff did not recall receiving the right to sue letter and did not know when she or her attorney received copies of it); *Hardman v. Nationwide Cellular Serv.*, 1994 U.S. Dist. LEXIS 15167, at *3-4 (E.D. Pa. Oct. 26, 1994)(applying the three-day presumption of Rule 6(e) and granting the defendant's motion to dismiss the plaintiff's Title VII claims where, although the plaintiff claimed she did not receive the right to sue letter three days after it was mailed, she provided no information as to when she actually received it).

The Third Circuit has held that equitable tolling of the 90-day period may be appropriate in the following limited circumstances: (1) when the plaintiff received inadequate notice of his right to file suit; (2) where a motion for appointment of counsel is pending; (3) where the court has misled the plaintiff into believing that he had done everything required of him; (4) when the defendant has actively misled the plaintiff; (5) when the plaintiff "in some extraordinary way" was prevented from asserting his rights; or (6) when the plaintiff timely asserted his rights in the wrong forum. *Seitzinger*, 165 F.3d at 240.  A plaintiff's *pro se* status alone does not justify the application of equitable tolling principles to excuse his failure to file a Title VII complaint within 90 days of his receipt of the right to sue letter. *Arots*, 2003 U.S. Dist. LEXIS 10171, at * 10-11.  The plaintiff has the burden of establishing grounds for equitable tolling. *See Parker v. Royal Oak Enter.*, 2003 U.S. App. LEXIS 26471, at *6 (3d Cir. Dec. 29, 2003).

-8-

In the present case, the EEOC Right to Sue Letter was mailed to the parties on May 28, 2004. (*See* Dixon Right to Sue Letter, A-4). Significantly, the address for Plaintiff listed on the Right to Sue Letter is the same address he listed on the Civil Cover Sheet filed along with his Complaint in this action. (*See id.*; *see also* Dixon Civil Cover Sheet, A-6). Thus, it appears the letter was mailed to Plaintiff at the correct address. Plaintiff's Complaint neither attaches a copy of the Right to Sue Letter nor states the date when he received it. (*See* Dixon Complaint, A-7-10). Because the date Plaintiff received the Right to Sue Letter is not known, pursuant to Rule 6(e), Plaintiff is presumed to have received the Letter within three days after the EEOC mailed it. Plaintiff, therefore, is presumed to have received the Right to Sue Letter on June 2, 2004, which was three business days after the date the EEOC mailed it. Absent any grounds for equitable tolling, Plaintiff was required to file his Title VII Complaint within 90 days after June 2, 2004. That 90-day period expired on August 31, 2004. However, Plaintiff did not file his Complaint in this action until May 24, 2006 (*see* Dixon Case Docket, A-23, Docket Entry No. 1), which was almost two years after the date the Plaintiff is presumed to have received the Right to Sue Letter.

Plaintiff cannot demonstrate any grounds to justify equitable tolling of the 90-day period. Although Plaintiff requested that the Court appoint legal counsel in his May 24, 2006 Complaint, that request, too, was not made until almost two years after the 90 day period had already expired. (*See* Dixon Complaint, A-10, ¶ 14.B.; Dixon Case Docket, A-23, Docket Entry No.1). In *Benoit v. Children's Hosp. of Philadelphia*, 1995 U.S. Dist. LEXIS 4056, at *8 (E.D. Pa. Mar. 31, 1995), the Eastern District of Pennsylvania held that the plaintiff's motion for appointment of counsel did not toll the 90-day period where the motion was not filed until after the 90 day period had already elapsed.

Plaintiff's filing of a separate complaint along with several other plaintiffs in the Jobes Case cannot save the Complaint in the present case from being time barred. (*See* Jobes Complaint A-12-14). The Jobes Complaint was not filed until July 11, 2005 (*see id.*, A-14; Jobes Case Docket, A-18, Docket Entry No. 1), which was more than a year after Plaintiff is presumed to have received his May 28, 2004 Right to Sue

Letter.  So, even if the Jobes Complaint raised the same claims asserted in Plaintiff's EEOC Charge of Discrimination – which it does not – the filing of that complaint would not prevent those claims from being barred by the 90-day limitations period.

Moreover, Plaintiff is not entitled to the protection of the single filing rule.  Under the single filing rule, a plaintiff who has not exhausted his administrative remedies by filing an EEOC charge within the requisite time period or who has not filed a Title VII action within 90 days of his receipt of a right to sue letter, can join a class action without satisfying either of those requirements if the original EEOC charge filed by the individual who subsequently filed a class action alleged class-based discrimination.  *See Communication Workers of Am. v. New Jersey Dep't of Pers.*, 282 F.3d 213, 217 (3d Cir. 2002).  However, the Third Circuit has held that the single filing rule does not apply when the subsequent district court action is not a true class action which complies with the requirements of class certification and the associated procedural due notice and fairness safeguards under *Fed.R.Civ.P.* 23.  *See id.* at 217-18.  In *Communication Workers of Am.*, the Third Circuit expressly rejected the argument that the single filing rule applies when the subsequent district court action alleges class-based discrimination and is brought by an entity based on associational standing, yet does not meet the requirements for class actions under Rule 23.  *See id.* at 218.  Although the Jobes Complaint may be deemed to allege class-based discrimination, the Jobes Case does not meet the requirements for class action lawsuits under Rule 23.  (*See* Jobes Complaint, A-12-14; Jobes Case Docket, A-17-19).  Therefore, the single filing rule cannot prevent Plaintiff's claims in the present case from being time barred.  Because Plaintiff cannot demonstrate any grounds for equitable tolling or entitlement to the protection of the single filing rule, his Complaint in the present action is barred by the 90-day statute of limitations.

III.    **The Complaint Fails to State a Valid Claim Under Title VII Because It Fails to Allege Any Facts Indicating that Plaintiff Has Exhausted His Administrative Remedies**

"As a prerequisite to a valid Title VII claim, a plaintiff must file a charge of discrimination with the

EEOC and show that he has received a right to sue letter." *Wright v. Pepsi Cola Co.*, 243 F.Supp.2d 117, 122 (D. Del. 2003). In *Wright*, the District of Delaware dismissed the plaintiff's Title VII claim for failure to state a claim upon which relief could be granted where the complaint failed to allege or otherwise demonstrate that the plaintiff had filed a charge of discrimination with the EEOC and received a right to sue letter. *See id.*

In the present case, the Complaint does not allege that Plaintiff filed a charge of discrimination with the EEOC or received a right to sue letter. (*See* Dixon Complaint, A-8, ¶¶ 7-9). Nor does the Complaint attach copies of the charge of discrimination or Right to Sue Letter. (*See id.*, A-7-10). Therefore, the Complaint should be dismissed for failure to state a claim upon which relief can be granted because it fails to allege any facts indicating that Plaintiff has exhausted his administrative remedies.

## IV. The Complaint Fails to State a Claim Upon Which Relief Can Be Granted Because the Plaintiff Has Not Exhausted His Administrative Remedies Against Defendants Ford, Patrick, Cunningham and the City of Wilmington

Title VII provides that, after receipt of a right to sue letter, the "person claiming to be aggrieved" may bring a civil action "against the respondent named in the charge." 42 *U.S.C.* § 2000e-5(f)(1). The only respondent named in the EEOC Charge of Discrimination filed by Mr. Dixon was the Wilmington Fire Department. (*See* Dixon EEOC Charge, A-2). However, Plaintiff did not bring this civil action against WFD. Instead, the only parties named as Defendants in the present case are the City of Wilmington, Fire Department Chief Ford, Deputy Chief Patrick, and Battalion Chief Cunningham. (*See* Dixon Complaint, A-7). Because Defendants Ford, Patrick, Cunningham and the City were not named as respondents in Plaintiff's EEOC Charge, Plaintiff has failed to exhaust his administrative remedies against the Defendants. Consequently, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## V. The Complaint Fails to State a Valid Claim Against Defendants Ford, Patrick and Cunningham Because There Is No Individual Liability Under Title VII

It is well settled that individual employees cannot be held liable under Title VII. *Kachmar v.*

*Sungard Data Systems, Inc.*, 109 F.3d 173, 184 (3d Cir. 1997); *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996). As all of the claims raised in Plaintiff's Complaint are brought pursuant to Title VII (*see* Dixon Complaint, A-7-10), there can be no liability of Defendants Ford, Patrick and Cunningham in their individual capacities for any of Plaintiff's claims as a matter of law. Plaintiff's claims against Defendants Ford, Patrick and Cunningham must, therefore, be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## VI. Plaintiff's Complaint Fails to State a Valid Claim Against the City of Wilmington for Damages in Excess of $300,000.00

Although Plaintiff's Complaint demands damages in the amount of $5 million from the City of Wilmington (*see* Dixon Complaint, A-9), Plaintiff's damages, if any, are limited to a maximum of $300,000 pursuant to 42 *U.S.C.* § 1981a(b)(3)(D). The maximum permissible amount of damages awarded in a Title VII employment discrimination case against an employer such as the City of Wilmington which has more than 500 employees is $300,000. *See* 42 *U.S.C.* § 1981a(a)(1) and (b)(3); *Blackshear v. City of Wilmington*, 15 F.Supp.2d 417, 430 (D.Del. 1998) (construing 42 *U.S.C.* § 1981a(b)(3)). This maximum allowable award of $300,000 includes both compensatory and punitive damages. *Blackshear*, 15 F.Supp.2d at 430. Consequently, the Complaint fails to state a claim upon which relief can be granted against the City for damages in excess of $300,000.

## VII. Plaintiff's Complaint Fails to State a Valid Claim Against the City of Wilmington for Punitive Damages.

Plaintiff's Complaint does not refer to the damages sought against the City as "punitive damages". However, it is apparent from the high dollar amount of the damages requested that Plaintiff is essentially demanding punitive damages against the City. (*See* Dixon Complaint, A-9). Plaintiffs' Complaint fails to state a valid claim for punitive damages against the City because punitive damages are not available against municipalities for violations of Title VII as a matter of law. *See Blackshear*, 15 F.Supp.2d at 430. In *Blackshear*, the District of Delaware held that punitive damages are not available against a municipality for

-12-

violations of Title VII. *Id*. Although 42 *U.S.C.* § 1981a(a)(1) and (b)(1) provide that punitive damages are available against an employer who violates Title VII, governmental subdivisions are specifically excluded from this statutory provision. *See* 42 *U.S.C.* § 1981a(a)(1) and (b)(1); *Blackshear*, 15 F.Supp.2d at 430 and n. 6 and 7. 42 *U.S.C.* § 1981a(b)(1) states, in relevant part, that "[a] complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) . . . ." In *Blackshear*, 15 F.Supp.2d at 430 and n.7, the Court concluded that, as a municipal corporation, the City of Wilmington is a governmental subdivision that is not subject to punitive damages for Title VII violations pursuant to 42 *U.S.C.* § 1981a(b)(1).

All of the Plaintiff's claims in this case are brought pursuant to Title VII. (*See* Dixon Complaint, A-7-10). Because punitive damages are not available against a municipality under Title VII, the Complaint fails to state a claim upon which relief can be granted against the City for punitive damages.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

    /s/ Andrea J. Faraone
Andrea J. Faraone (I.D. #3831)
City of Wilmington Law Department
Louis L. Redding City/County Building
800 French Street, 9th Floor
Wilmington, Delaware 19801-3537
(302) 576-2175
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Bracey C. Dixon, Jr.,                                    :
                                                         :
                    Plaintiff,                           :
                                                         :
            v.                                           :        C.A. No. 06-344 SLR
                                                         :
City of Wilmington, Chief James Ford,                    :
Deputy Chief Willie Patrick and                          :
Battalion Chief George Cunningham,                       :
                                                         :
                    Defendants.                          :

<u>CERTIFICATE OF SERVICE</u>

I, Andrea J. Faraone, Esquire, hereby certify that on this 26th day of June, 2006, I filed the

Defendants, City of Wilmington, James Ford, Willie Patrick and George Cunningham's Opening Brief in

Support of Their Motion to Dismiss with the Clerk of Court using CM/ECF which will send notification of

such filing(s) that this document is available for viewing and downloading from CM/ECF to the following:

Bracy C. Dixon, Jr.
806 W. 34th Street
Wilmington, DE 19802


                    /s/ Andrea J. Faraone
                    Andrea J. Faraone, Esquire (I.D. #3831)
                    City of Wilmington Law Department
                    Louis L. Redding City/County Building
                    800 N. French Street, 9th Floor
                    Wilmington, DE 19801
                    (302) 576-2175
                    Attorney for Defendants