IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRACEY C. DIXON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-344-SLR |
| | ) |
| CITY OF WILMINGTON, CHIEF | ) |
| JAMES FORD, DEPUTY CHIEF | ) |
| WILLIE PATRICK and BATTALION | ) |
| CHIEF GEORGE CUNNINGHAM, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 5th day of March, 2007 having reviewed defendants' unopposed motion to dismiss;

IT IS ORDERED that said motion (D.I. 8) is granted for the reasons that follow:

1.  **Background.** Plaintiff Bracey Dixon, an African American, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that the City of Wilmington Fire Department discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1964.[1] The EEOC issued

---

[1] Specifically, plaintiff asserted that the Wilmington Fire Department discriminated and retaliated against him by: (1) not hiring him for a full time position with the Arson Division; (2) denying him training and overtime; (3) requiring him to use time off to attend training; and (4) confiscating his gun while he was on sick leave for depression. (D.I. 9 at A-2-3)

a dismissal and a notice of rights letter ("Right to Sue Letter") on May 28, 2004.[2] (Id., A-4)

2. On July 11, 2005, plaintiff along with six other firefighters filed a Title VII action in this court, Gallant v. City of Wilmington, Civ. No. 05-479-SLR.[3] On May 24, 2006, plaintiff filed the case at bar, naming the City of Wilmington and specific members of the Wilmington Fire Department. (D.I. 1)

3. In response, defendants filed a motion to dismiss, arguing in part that plaintiff's action is time-barred because he failed to file his complaint within 90 days of his receipt of his right to sue letter. (D.I. 8, 9)

4. **Standard of Review.** In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiffs. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Id. Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiffs cannot demonstrate any set of facts that would entitle them to relief. See Conley v.

---

[2]The EEOC issued its Right to Sue Letter, following an investigation, whereby the EEOC was unable to conclude that the information obtained established violations of the statutes. (D.I. 9, A-4) The Letter further advised plaintiff that he had the right to file a lawsuit within 90 days of the receipt of the letter or his right to sue based on that charge would be lost. (Id.)

[3]The court granted two of the plaintiffs' requests to withdraw from the case and dismissed another plaintiff for failure to comply with orders. Plaintiff at bar and three other plaintiffs remain. Defendant filed a motion to dismiss to which plaintiffs have not filed opposition. Gallant v. City of Wilmington, Civ. No. 05-479-SLR, (D.I. 8, 14, 15).

Gibson, 355 U.S. 41, 45-46 (1957). The moving party has the burden of persuasion. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

5. Title 42 U.S.C. § 2000e-5(f)(1) requires that claims brought under Title VII must be initiated within 90 days of the claimant's receipt of the EEOC Right to Sue Letter. This requirement has been considered a statute of limitations instead of a jurisdictional prerequisite to filing an action. Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 176 (3d Cir. 1999). "A claim filed even one day beyond this ninety day window is untimely and may be dismissed absent an equitable reason for disregarding this statutory requirement." Id.; Mosel v. Hills Dep't Store, Inc., 789 F.2d 251, 253 (3d Cir. 1986).

6. It is uncontradicted that the EEOC issued a Right to Sue Letter on May 28, 2004 and, nearly two years later, on May 24, 2006, plaintiff filed the action at bar. (D.I. 9, A-4; D.I. 1) There has been nothing presented to implicate any equitable tolling of the 90 day requirement.

7. **Conclusion.** Plaintiff's failure to file suit within the 90 day time period completely bars his Title VII claim.

_____
United States District Judge

3